99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel Edward CUNDIFF, Jr., Plaintiff-Appellant,
v.
Robbie POPPLEWELL, Charles Lloyd Shot Dooley, Glen
Armstrong, James Butch Sweat, Bill Couch, Dennis Mitchell,
Ruben L. Carter, Bullitt County, Bullitt County Fiscal
Court, and Joe Rogers, Defendants-Appellees.
 No. 95-6055.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1996.
 
 Before: BROWN, KENNEDY and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff, Samuel Edward Cundiff, appeals from the district court's order granting summary judgment to the defendants in this civil rights action brought under 42 U.S.C. § 1983. The complaint included a federal claim of conspiracy to violate his constitutional rights under § 1983 and related state claims for malicious prosecution and wrongful discharge. The district court found, essentially, that defendants Popplewell, Mann, Dooley, and the Bullitt County magistrates were entitled to qualified immunity in connection with the plaintiff's arrest on marijuana charges; that the plaintiff had failed to meet his burden of showing a basis for the conspiracy charge; and that he had failed to establish a civil rights violation in connection with the reduction in salary that allegedly forced his involuntary termination of his position as county dog warden.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment.
 
 
 3
 Because the reasons why judgment should be entered in the defendants' favor have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order and opinion granting the defendants' motion for summary judgment.